**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ELMER GARRIDO**, *Individually and On Behalf of All Others Similarly Situated*, <br><br> Plaintiff, <br><br> v. <br><br> **PENN BOWER, INC.** and **JONATHAN RICHARDSON**, <br><br> Defendants. | Civil Case No.: <br><br> **COLLECTIVE AND CLASS ACTION COMPLAINT** <br><br> **JURY DEMAND** |

Plaintiff, **ELMER GARRIDO**, ("Plaintiff") individually and on behalf of all others similarly situated, by and through his attorneys JTB LAW GROUP, LLC, alleges upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action, individually and as a Collective Action on behalf of all others similarly situated, against **PENN BOWER, INC.** and **JONATHAN RICHARDSON** (collectively "Defendants") to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees for violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Title 29 of the Code of Federal Regulations ("CFR").

2. Plaintiff also brings this action, individually and as a Rule 23 Class Action on behalf of all others similarly situated, against Defendants to recover unpaid overtime compensation, pre and post-judgment interest, costs, and attorneys' fees for violation of the New Jersey Wage and Hour Laws and Regulations ("NJWHLR") N.J.S.A. 34:11-56a *et seq.*

3. Specifically, Defendants violated their statutory obligations by paying Plaintiff and all others similarly situated some, but not all, overtime *in cash off the books* at a rate of less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per

week; Defendants also violated their statutory obligations by failing to pay Plaintiff and all others similarly situated work time spent driving between the company location and work/construction locations, and loading/unloading tools and materials.

4. As a result of such illegal pay policy and practice, non-exempt hourly employees of Defendants including Plaintiff were deprived of overtime premium to which they are entitled under 29 U.S.C. § 207 and N.J.S.A. 34:11-56a4.

5. Plaintiff asserts the FLSA claims not only individually, but also on behalf of a putative "FLSA Collective" defined as:

> *All hourly employees of Defendants at any time from 3 years prior to the filing of this Complaint to the present*

6. Plaintiff asserts the NJWHLR claims not only individually, but also on behalf of a putative "Rule 23 Class" pursuant to Fed. R. Civ. P. 23, defined as:

> *All hourly employees of Defendants in the State of New Jersey at any time from 2 years prior to the filing of this Complaint to the present*

7. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all hourly employees of Defendants permitting them to assert FLSA claims in this Collective Action by filing their individual consent forms.

8. For at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed widespread violations of the above-described federal and state statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the FLSA, a federal statute. As to claims under the state law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. §1367.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial portion of the events or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

11. Defendant **PENN BOWER, INC.** ("**PENN BOWER**") is a domestic for profit corporation registered with the State of New Jersey.

12. **PENN BOWER** is actively doing business as commercial and office building contractors.

13. **PENN BOWER** is located at 143 W Main St, High Bridge, NJ 08829.

14. **PENN BOWER** has an annual gross volume of business exceeding $500,000.00.

15. Defendant **JONATHAN RICHARDSON** is the President of **PENN BOWER**.

16. At all relevant times, **JONATHAN RICHARDSON** had the authority to hire and fire employees of **PENN BOWER** including Plaintiff; determined the wages and compensation of Plaintiff and other employees of **PENN BOWER**; established their work schedules; and/or maintained their employment records.

17. Plaintiff **ELMER GARRIDO** is an adult resident of the State of New Jersey.

18. Plaintiff was employed by Defendants as a non-exempt hourly employee from approximately August 2016 through January 2017.

19. Throughout his employment with Defendants, Plaintiff was performing manual labor.

20. Plaintiff's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

21. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

22. At all relevant times alleged herein, Defendants have jointly operated and controlled an enterprise engaged in commerce as defined under the FLSA.

23. At all relevant times alleged herein, Defendants have generated over $500,000.00 in revenue per year.

24. Defendants were jointly the "employer" of Plaintiff and members of the putative Collective/Class members within the meaning of 29 U.S.C §203(d) and N.J.S.A. 34:11-56a1(g).

25. At all relevant times alleged herein, Defendants, directly or indirectly, hired Plaintiff and the putative Collective/Class members; controlled their work schedules and conditions of employment; and determined the rate and method of the payment of wages.

26. At all relevant times alleged herein, as non-exempt hourly employees, Plaintiff and the putative Collective/Class members performed job duties that do not fall within any exemptions from overtime under the FLSA and NJWHLR.

27. At all relevant times alleged herein, Plaintiff and the putative Collective/Class members were regularly required by Defendants to work more than forty (40) hours in a workweek.

28. At all relevant times alleged herein, Defendants failed to pay Plaintiff and the putative Collective/Class members overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per week, as required by 29 U.S.C. § 207 and N.J.S.A. 34:11-56a4.

29. Plaintiff's rate of pay was $37.6 per hour.

30. Plaintiff's overtime rate of pay should have been $56.4 per hour.

31. Defendants paid Plaintiff at $25.00 per hour off the books in cash for some hours worked beyond forty (40) per workweek.

32. For overtime hours that Plaintiff drove between the company location and work/construction locations, and loading/unloading tools and materials, Plaintiff was not compensated by Defendants at all.

33. For instance, during the workweek of 8/21/2016 to 8/27/2016, Plaintiff worked around 60 hours including 20 hours of overtime. Plaintiff was paid at $25.00 per hour in cash for 10 hours of overtime; Plaintiff did not receive any compensation for the remaining 10 overtime hours worked.

34. Plaintiff and the Collective/Class members were subjected to the common pay policy and practice of Defendants as stated herein that violated the FLSA and NJWHLR.

35. At all relevant times alleged herein, Defendants maintained control, oversight, and direction over Plaintiff and the putative Collective/Class members, including the promulgation and enforcement of policies affecting the payment of their wages including overtime rate and compensation.

36. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

37. Defendants' widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

38. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

39. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf himself and of all other similarly situated non-exempt hourly employees who have been affected by Defendants' common policy and practice of failing to pay proper overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Title 29 of the Code of Federal Regulations ("CFR").

40. The proposed "FLSA Collective," is defined as:

> *All hourly employees of Defendants at any time from 3 years prior to the filing of this Complaint to the present*

41. Plaintiff brings this Collective Action against Defendants to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

42. The Collective Action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

43. Plaintiff seeks to send Notice to all similarly situated non-exempt hourly employees as provided by 29 U.S.C. § 216(b) and supporting case law.

44. Plaintiff also brings this action, pursuant to Fed. R. Civ. P. 23 and N.J.S.A. 34:11-56a25, as a Class Action for and on behalf himself and of all other similarly situated non-exempt hourly employees who have been affected by Defendants' common policy and practice of failing to pay proper overtime compensation, in violation of the New Jersey Wage and Hour Laws and Regulations ("NJWHLR") N.J.S.A. 34:11-56a *et seq.*

45. The proposed "Rule 23 Class" is defined as:

> *All hourly employees of Defendants in the State of New Jersey at any time from 2 years prior to the filing of this Complaint to the present*

46. Plaintiff brings this Rule 23 Class Action against Defendants to recover unpaid overtime compensation, pre and post-judgment interest, costs, and attorneys' fees pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

47. This action is properly brought as a Collective/Class Action because the Collective/Class is so numerous that joinder of all members is impractical. While the exact number and identities of putative Collective/Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that a substantial amount of Collective/Class members were employed by Defendants during the applicable statutory period, without receiving appropriate overtime compensation, as required by law.

48. This litigation is properly brought as a Collective/Class Action because of the existence of questions of fact and law common to the Collective/Class which predominates over any questions affecting only individual members, including:

   1) Whether Defendants are liable to Plaintiff and the putative Collective/Class members for violations of the FLSA and NJWHLR;

   2) Whether Plaintiff and the putative Collective/Class members worked more than forty (40) hours in any workweek; and

   3) Whether Defendants failed to pay Plaintiff and the putative Collective/Class members overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) per workweek.

49. This litigation is properly brought as a Collective/Class action because Plaintiff's claims are typical of the claims of the members of the Collective/Class, inasmuch as all such claims arise from Defendants' common policy and practice, as alleged herein. Like all Collective/Class members, Plaintiff have been damaged by Defendants' system-wide policy and practice of

failing to pay overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) per workweek, in violation of the FLSA and NJWHLR.

50. A Collective/Class Action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

1) Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue savings to both the Court and the Collective/Class in litigating the common issues on a class wide basis instead of on a repetitive individual basis;

2) Despite the size of individual Collective/Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis will enable this case to be litigated as a Collective/Class Action on a cost-effective basis, especially when compared with repetitive individual litigation;

3) No unusual difficulties are likely to be encountered in the management of this Collective/Class Action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Collective/Class; and

4) Prosecution of separate actions by individual Collective/Class members would create a risk of differing adjudications with respect to such individual members of the Collective/Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

51. Without a Collective/Class Action, Defendants will likely retain the benefit of their wrongdoing and will continue a course of action which will result in further damages to the members of the Collective/Class.

52. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA and its state law counterparts, a type that have often been prosecuted on a class wide basis, and the manner of identifying the Collective/Class and providing any monetary relief to it can be effectuated from a review of Defendants' records.

53. The lead Plaintiff has no interests antagonistic to the interests of the other members of the Collective/Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in Collective/Class Action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Collective/Class.

54. Plaintiff and the putative Collective/Class members demand a trial by jury.

### **FIRST CLAIM FOR RELIEF**
(*Individual Claim for Unpaid Overtime under the FLSA*)

55. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

56. Defendants jointly employed Plaintiff as a non-exempt hourly employee.

57. Plaintiff was required by Defendants to work more than forty (40) hours per workweek.

58. Defendants failed to pay Plaintiff overtime compensation at a rate of not less than one and one-half (1.5) times his regular rate of pay for hours worked in excess of forty (40) per workweek, in violation of the FLSA.

59. Defendants' uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

60. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

61. As a result of Defendants' uniform policies and practices described above, Plaintiff was illegally deprived overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## SECOND CLAIM FOR RELIEF
*(Collective Action Claim for Unpaid Overtime under the FLSA)*

62. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

63. Defendants jointly employed Plaintiff and the putative Collective members as non-exempt hourly employees.

64. Plaintiff and the putative Collective members were required by Defendants to work more than forty (40) hours per workweek.

65. Defendants failed to pay Plaintiff and the putative Collective members overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek, in violation of the FLSA.

66. Defendants' uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

67. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

68. As a result of Defendants' uniform policies and practices described above, Plaintiff and the putative Collective members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts,

liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## THIRD CLAIM FOR RELIEF
*(Individual Claim for Unpaid Overtime under the NJWHLR)*

69. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

70. Defendants jointly employed Plaintiff as a non-exempt hourly employee.

71. Plaintiff was required by Defendants to work more than forty (40) hours per workweek.

72. Defendants failed to pay Plaintiff overtime compensation at a rate of not less than one and one-half (1.5) times his regular rate of pay for hours worked in excess of forty (40) per workweek, in violation of the NJWHLR.

73. Defendants' uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

74. As a result of Defendants' uniform policies and practices described above, Plaintiff was illegally deprived overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, pre and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

## FOURTH CLAIM FOR RELIEF
*(Class Action Claim for Unpaid Overtime under the NJWHLR)*

75. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

76. Defendants jointly employed Plaintiff and the putative Class members as non-exempt hourly employees.

77. Plaintiff and the putative Class members were required by Defendants to work more than forty (40) hours per workweek.

78. Defendants failed to pay Plaintiff and the putative Class members overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek, in violation of the NJWHLR.

79. Defendants' uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

80. As a result of Defendants' uniform policies and practices described above, Plaintiff and the putative Class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief against Defendants, and each of them, individually, jointly and severally:

(A) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(B) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the New Jersey Wage and Hour Laws and Regulations ("NJWHLR") N.J.S.A. 34:11-56a *et seq.*;

(C) An Order for injunctive relief ordering Defendants to comply with the FLSA and NJWHLR and end all of the illegal wage practices alleged herein;

(D) An Order certifying this action as a Collective Action on behalf of the FLSA Collective, designating the lead Plaintiff **ELMER GARRIDO** as Collective representative and the undersigned counsel as Collective Counsel;

(E) An order requiring Defendants to produce a list of names, addresses, contact numbers, and dates of employment of all members of the putative FLSA Collective;

(F) An order authorizing Plaintiff's counsel to notify members of the putative FLSA collective that they are authorized to join this matter by filing written consents pursuant to 29 U.S.C. § 216(b);

(G) An Order certifying this action as a Class action on behalf of the Rule 23 for the New Jersey wage and hour claims and designating the lead Plaintiff **ELMER GARRIDO** as Class representatives and the undersigned counsel as Class Counsel;

(H) An Order directing Defendants, at their own expense, to investigate and account for the number of overtime hours actually worked by Plaintiff and all putative Collective/Class members;

(I) Judgment for damages for all unpaid overtime compensation to which Plaintiff and members of the Collective are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(J) Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime wages owed to Plaintiff and members of the Collective during the applicable statutory period;

(K) Judgment for damages for all unpaid overtime compensation to which Plaintiff and members of the Class are lawfully entitled under the NJWHLR, N.J.S.A. 34:11-56a *et seq.*;

(L) Incentive Awards for the lead Plaintiff;

(M) An order directing Defendants to pay Plaintiff and members of the Collective reasonable attorney's fees and all costs connected with this action pursuant to the Fair Labor Standard Act, 29 U.S.C. §201 *et seq.*;

(N) An Order directing Defendants to pay Plaintiff and members of the putative Class pre and post-judgment interest, reasonable attorney's fees and all costs connected with this action pursuant to the NJWHLR, N.J.S.A. 34:11-56a *et seq.*;

(O) Judgment for any and all civil penalties to which Plaintiff and members of the Collective/Class may be entitled; and

(P) Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the Complaint.


Dated: April 11, 2017                         Respectfully submitted,


                                **JTB LAW GROUP, LLC**

                        By:   s/ Jason T. Brown
                              Jason T Brown (NJ Bar ID 35921996)
                              jtb@jtblawgroup.com
                              155 2nd Street, Suite 4
                              Jersey City, NJ 07302
                              (201) 630-0000 (office)
                              (855) 582-5297 (fax)

                              *Attorneys for Plaintiff*